UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELVIN HESTER,<br><br>  Plaintiff,<br><br>v.<br><br>ESSEX COUNTY POLICE<br>DEPARTMENT, et al.,<br><br>  Defendants. | Civil Action No. 20-12467 (CCC)<br><br><br>OPINION |

**CECCHI, District Judge:**

This matter comes before the Court on the civil rights complaint brought pursuant to 42 U.S.C. § 1983 by plaintiff Melvin Hester ("Plaintiff") (ECF No. 1), and on Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1). Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Next, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d

1

224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

Due to issues with his handwriting, the allegations in Plaintiff's current complaint are not entirely clear, but it appears that he is seeking to raise claims against the Essex County Police Department and Prosecutor's Office arising out of his arrest and imprisonment in February 2016

prior to the conviction which resulted in his current imprisonment. *See* ECF No. 1 at 4–5. It is unclear, however, whether this arrest was for the same offense that resulted in the conviction for which he is now serving time in prison. Plaintiff does not clearly identify who arrested him nor what role the prosecutor's office played in his current claims. Instead, Plaintiff uses his complaint to mention all that he has lost – from back accounts to social security payments – as a result of his arrest and, presumably, his current conviction. *Id.*

False arrest, false imprisonment, and malicious prosecution are the only claims that appear to be implicated by the facts Plaintiff has pleaded in his complaint and which could possibly be levied against the two named Defendants.[1] To sufficiently state such claims, Plaintiff would need, *inter alia*, to plead facts indicating that Defendants did not have probable cause to arrest, imprison, and charge him. *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014) (malicious prosecution); *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment). However, Plaintiff has pleaded no facts indicating that he was arrested, imprisoned, or charged without probable cause.

Although this is a sufficient basis to dismiss Plaintiff's complaint, there are several further issues with Plaintiff's claims. First, Plaintiff's claims appear to be based on events that occurred in 2016, meaning any false arrest or imprisonment claims are likely time barred. *See Patyrak v.*

---

[1] In documents attached to his complaint, Plaintiff also mentions that he wishes to raise a claim related to "deliberate indifference by systemic racism" and "defamation," (Document 1 attached to ECF No. 1), but pleads no facts to support any equal protection or similar claim based on unspecified racism or selective prosecution, nor does he attempt to plead facts relating to any state law defamation claim. As Plaintiff has not pleaded facts regarding these claims, they are dismissed without prejudice for failure to state a claim to the extent Plaintiff wished to raise such a claim. *Iqbal.* 556 U.S. at 678.

3

*Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (§ 1983 claims in New Jersey have a two year statute of limitations). Second, to the extent Plaintiff wishes to raise a malicious prosecution claim against the prosecutor's office, he has not pleaded facts indicating that any of his unspecified charges terminated in his favor, which is fatal to any such claim. *Halsey*, 750 F.3d at 296-97. Finally, the Court notes that one of the two named Defendants (the police department) is not a proper Defendant under § 1983. *See, e.g., Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014). Thus, his complaint fails to state a claim for which relief may be granted and must be dismissed without prejudice in its entirety.

In conclusion, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim upon which relief may be granted. An appropriate order follows.

DATED: April 7, 2022

_____
Claire C. Cecchi, U.S.D.J.

4